Argued and submitted October 14, 1983, reversed and remanded January 25, 1984

## FOSTER & MARSHALL, INC.,
*Respondent,*

*v.*

## PFISTER et ux,
*Appellants.*

(31370; CA A27535)

674 P2d 1215

Gerald A. Martin, Bend, argued the cause for appellants. With him on the briefs was Van Vactor, Francis & Martin, Bend.

Martin E. Hansen, Bend, argued the cause for respondent. With him on the brief was Johnson, Marceau, Karnopp & Petersen, Bend.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Defendants appeal from a summary judgment. We reverse.

Defendants, while preparing a personal financial statement, asked plaintiff, a stock brokerage firm, to evaluate some stocks they owned. One stock defendants owned was 100 shares of "Tracor Computing Corp." The stock was no longer traded on the New York Stock Exchange. Defendants did not know the value of the stock but believed it to be of little value and so were surprised when plaintiff told them that under its new name, "Continuum Co., Inc.," it was trading at $49.50 and was worth $4,950. Defendants asked plaintiff to recheck the figures and brought their stock certificates in for verification. On plaintiff's reassurances that defendants owned 100 shares of Continuum Co., and that it was worth $4,950, defendants sold the stock to plaintiff as principal.

A year after the transaction, plaintiff discovered that the Tracor Computing Corp. stock had been exchanged for Continuum Co. stock at a ten-to-one ratio and that defendants owned only ten shares of Continuum. Consequently, defendants had been overpaid in the amount of $4,466.25. Plaintiff then sued defendants for the overpayment. Both parties filed motions for summary judgment, and the judge allowed plaintiff's. Defendants appeal and argue that plaintiff is not entitled to summary judgment, because plaintiff made a unilateral mistake and, therefore, restitution is not an available remedy.

■ A party making a unilateral mistake of fact is not entitled to restitution unless the mistake is basic to the contract and known to the other party, or circumstances are such that the other party, as a reasonable person, should have known of the mistake. *G.E. Supply Corp. v. Republic Cons. Corp.*, 201 Or 690, 272 P2d 201 (1954). There is no evidence that defendants had actual knowledge of plaintiff's mistake in valuation of the stock. Therefore, the question is whether defendants, as reasonable persons, should have known of the mistake.

■ Plaintiff argues that, because one of defendants stated in an affidavit that, after plaintiff first told him of the value of the stock, he was "suspicious," defendants knew or

should have known that the valuation was mistaken. However, defendants then insisted that plaintiff recheck the value with the actual stock certificate. Plaintiff consulted its Seattle research department and reaffirmed its valuation. Defendants, relying on plaintiff's expertise, then sold the stock to plaintiff. After repeated assurances from an expert in the field as to the value of stock, a reasonable person would not be negligent in relying on that valuation.

Plaintiff argues that, under *Smith v. Rubel,* 140 Or 422, 13 P2d 1078 (1932), defendants may not retain the money paid to them. Although *Smith* involved a stock transaction in which the broker's assignees sought restitution, it is otherwise dissimilar. In *Smith,* the defendant intended to sell 40 shares of "Time-O-Stat" Class B stock. Due to a mistaken belief of the plaintiff that the stock to be sold was Class A stock, a sale of Class A stock was completed, and the defendant was paid on that basis an amount approximately twice the value of Class B stock. When the mistake was discovered, the purchaser of the Class A stock agreed to a rescission. In effect, the defendant's stock had not been sold, and the defendant retained ownership of the stock and had possession of the plaintiff's money. The court set out the general rule applicable to actions for restitution based on a unilateral mistake. It said:

> "* * * [P]ayment made under a mistake of fact which induces the belief that the other party is entitled to receive the payment when, in fact, the sum is neither legally nor morally due to him, may be recovered, provided the payment has not caused such a change in the position of the payee that it would be unjust to require the refund. * * *" 140 Or at 426.

Under those facts, the court required restitution. It noted that the defendant neither pleaded nor proved any change of position making repayment inequitable. In addition, inasmuch as the defendant's stock had not been sold, he had parted with nothing and the plaintiff's payment to him had been made without consideration.

■    Here, based on its research, plaintiff determined for itself the value of defendants' stock and acquired its ownership. It is not inequitable as a matter of law to hold plaintiff to the bad bargain it made as a consequence of its own negligent research. Unlike *Smith v. Rubel, supra,* defendants here do contend that they have changed their position in

reliance on the payment. They contend that as a result of the payment to them of $4,962.50, they made a commitment to build a new home which, before the payment, had been a "borderline decision." We conclude that the issue of defendants' change of position in reliance on the payment is one of fact and that the trial court erred in granting plaintiff's motion for summary judgment.

Reversed and remanded.